# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**DON D'JAI OKOLO, A.S., A.A.S., B.A., MD1,**
Plaintiff,
v.
**AMAZON.COM SERVICES LLC,**
Defendant.
Civil Action No. 1:25-cv-02712-VMC-RDC



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

**FEB 20 2026**

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## AMENDED COMPLAINT

Plaintiff Don D'Jai Okolo, proceeding pro se, files this Amended Complaint and alleges as follows:

## I. NATURE OF THE ACTION

1. This action arises under Georgia law from Defendant's conduct relating to (a) Plaintiff's reporting of sexual misconduct and workplace safety violations, (b) Plaintiff's workplace injury and medical leave, (c) Defendant's retaliatory termination, and (d) Defendant's tuition assistance representations.
2. Plaintiff asserts only state-law causes of action.
3. Plaintiff expressly limits total recovery in this action to an amount not exceeding **$74,000**, exclusive of costs and interest.

## II. PARTIES

4. Plaintiff Don D'Jai Okolo is a resident of Fulton County, Georgia.
5. Defendant Amazon.com Services LLC conducts substantial business operations within Fulton County, Georgia.

## III. FACTUAL ALLEGATIONS
### A. Sexual Misconduct Reporting

6. In November 2023, Plaintiff reported sexual misconduct by a trainer/supervisor who forced his hands underneath Plaintiff's shirt without consent.
7. Plaintiff also reported stalking behavior and safety concerns associated with that individual.
8. Defendant's internal investigator later informed Plaintiff that the individual had been terminated.
9. Plaintiff reasonably believed he was reporting unlawful conduct and protecting workplace safety.

### B. Workplace Injury and Medical Leave

10. On or about March 8, 2024, a pallet collapsed while Plaintiff was performing assigned duties, causing injury to Plaintiff's shin.
11. Plaintiff sought medical care and was ultimately placed on medical leave.
12. Plaintiff required light-duty accommodation upon return to work.

13. Plaintiff was discouraged from escalating the incident but pursued medical treatment.

**C. November 13, 2024 HR Complaint (Exhibit A)**

14. On November 13, 2024, Plaintiff submitted a written retaliation complaint to Defendant's Human Resources department.
15. The complaint detailed:
    a. Prior sexual misconduct reporting
    b. Workplace safety concerns
    c. Retaliatory treatment
    d. Medical leave interference
16. A true and correct copy of the November 13, 2024 complaint is attached as **Exhibit A.**

**D. Termination**

17. On November 15, 2024—two days after submitting Exhibit A—Plaintiff was terminated.
18. During the termination meeting, HR representatives stated that "excessive medical leaves" were the basis for termination.
19. Plaintiff had been on approved leave following a documented workplace injury.
20. Defendant later provided inconsistent explanations, including alleged policy violations and representations made in unemployment proceedings.
21. The temporal proximity between Plaintiff's written complaint and termination supports an inference of retaliatory motive.

**E. Tuition Assistance Reliance**

22. Plaintiff had been approved for Defendant's Career Choice tuition assistance program.
23. Plaintiff relied on that approval in continuing his education.
24. Following termination, Plaintiff incurred tuition obligations that would otherwise have been covered.

# COUNT I
**Assault and Battery (O.C.G.A. § 51-1-14)**

25. Plaintiff realleges paragraphs 1–24.
26. The trainer's nonconsensual touching underneath Plaintiff's shirt constituted harmful and offensive contact.
27. Defendant is liable under respondeat superior and/or negligent retention principles.

# COUNT II
**Negligent Retention and Supervision**

28. Plaintiff realleges paragraphs 1–27.
29. Defendant had notice of inappropriate conduct by the trainer.
30. Defendant failed to adequately supervise management following Plaintiff's reporting.
31. Defendant's failure contributed to Plaintiff's termination and resulting harm.

2

## COUNT III
**Intentional Infliction of Emotional Distress**

32. Plaintiff realleges paragraphs 1–31.
33. Terminating Plaintiff two days after a written retaliation complaint constitutes extreme and outrageous conduct.
34. Defendant's shifting explanations exacerbated Plaintiff's distress.
35. Plaintiff suffered severe emotional distress, anxiety, and financial instability.

## COUNT IV
**Promissory Estoppel**

36. Plaintiff realleges paragraphs 1–35.
37. Defendant represented that Plaintiff was approved for tuition assistance.
38. Plaintiff reasonably relied upon that representation.
39. Plaintiff incurred financial obligations as a result.
40. Injustice can only be avoided by enforcement of Defendant's promise.

## DAMAGES

41. Plaintiff seeks compensatory damages, emotional distress damages, tuition-related damages, and all other relief available under Georgia law.
42. Plaintiff expressly limits total recovery to **$74,000**, exclusive of costs and interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award compensatory damages;
B. Award emotional distress damages;
C. Award tuition-related damages;
D. Award litigation costs;
E. Grant such other relief as the Court deems just and proper;
F. Enter judgment in an amount not to exceed $74,000.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted this 20th day of February 2026.

/s/ Don D'Jai Okolo
**Don D'Jai Okolo, A.S., A.A.S., B.A., MD1**
125 Louise Ter SW
Atlanta, Georgia 30331
(470) 522-3653
djehramy@asu.edu
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on this _20th_ day of February, 2026, I electronically filed the foregoing Amended Complaint with the Clerk of Court using the CM/ECF system in Case No. 1:25-cv-02712-VMC-RDC, which will automatically send notification to all counsel of record pursuant to Federal Rule of Civil Procedure 5(b)(2)(E).

/s/ Don D'Jai Okolo
Don D'Jai Okolo, A.S., A.A.S., B.A., MD1
Plaintiff, Pro Se

# EXHIBIT A



X  **PDF**  Document (2).pdf                    ☰ Open with Google Docs     ▼

Don Okolo

11/13/2024

Witness Statement

Although I'm still in pain from an injury I sustained while working at Amazon, I decided to come back to work. My doctor approved light-duty work, and I wanted to continue contributing despite my limitations. My first day back was Saturday, November 9th, 2024. When I arrived, I was directed to the access cage area. While there, I asked the lady at the desk if I could work on some homework due that night at midnight. She told me no one would mind, so I proceeded.

Today, since I had more homework due, I thought it would be okay to do the same thing. However, unexpectedly, a lady came up to me and informed me she would be writing me up for working on my homework. I greeted her politely, even

Page   1   /   6    —   🔍   +

7



standing up on my injured leg to introduce myself, but she never introduced herself, nor did she explain her role clearly. Instead, she immediately took an aggressive and disrespectful tone, only telling me that I shouldn't be doing homework and that she didn't care what I'd been told previously she going to talk to them later. I asked her could she not come in here harassing me I have anxiety. She blurted out, "Well how would you like me to address you!?." I said for starts when you came

up to me I asked with a smile "Hi How Are You!?" And oddly you respond "I'm going to write you up for doing your homework you just wait here!!" She never introduced herself instead she took more of a belittling approach. She randomly even start asking people passing by for her confirmation on the said electronic device policy but I told her if she is unsure she do not have to stop people and ask them because I am

privy of the said policy hence me not having my phone out. I really did not want to continue conversation with someone who currently is having communication skill challenges so I went to find Syid.

She was highly disrespectful and unprofessional. I did not work hard to get accepted into medical school, maintain a high GPA, and achieve scholarships to be spoken to in such a manner. My mother is a pastor and a Fulton County Sargent, I was raised to value respect in and out the workplace, and no one should be subjected to this kind of behavior. When I asked if she was sure about the policy, she responded rudely, dismissing what I had previously been told by others. Her approach was condescending, and I don't understand how someone with such a lack of professionalism holds a managerial position here.



This experience has been frustrating, and I believe everyone deserves respect in their workplace. There are policies and laws in place to prevent harassment and promote respectful treatment, and I don't understand why such basic principles are not being followed in this instance. I later found out that lady was supposed to be an area manager.

Furthermore, I have previously been a victim of sexual assault at Amazon, and this recent interaction is part of a broader pattern of harassment that I am experiencing. It seems that disrespect and harassment are becoming a default behavior in the workplace. Additionally, I have clinical anxiety, which makes these interactions even more distressing. This experience has been frustrating, and I believe everyone deserves respect in their workplace. I have attached policies and laws that are set to prevent harassment and promote

✕   ▪️ Document (2).pdf                               ≡ Open with Google Docs   ▾

respectful treatment, and I truly do not understand why such

basic principles are not being followed in the instances.

In a workplace context, here are several laws that provide protections against harassment and create standards for respectful treatment also they outline rights for workers, especially those returning to work after an injury.

1.   **Occupational Safety and Health Act (OSHA)** - This federal law ensures that employers provide a safe and healthy workplace, free from recognized hazards. It indirectly supports respectful treatment, as a hostile or aggressive workplace could affect mental well-being, potentially impacting safety.

2.      **Americans with Disabilities Act (ADA)** - This law protects workers with disabilities, including temporary injuries, from discrimination. It requires employers to make reasonable accommodations, such as assigning light-duty work for an employee returning from an injury. The ADA also protects against harassment or unfair treatment due to an employee's physical limitations.

3.      **Family and Medical Leave Act (FMLA)** - This law allows job-protected leave for medical reasons, including workplace injury and also protects against retaliation.

4.      **Title VII of the Civil Rights Act** - This law prohibits workplace harassment and discrimination based on race, color, religion, sex, and national origin.

5.      **National Labor Relations Act (NLRA)** - This law provides protections for employees discussing or addressing concerns about their working conditions, including unfair treatment. I discussed my issues and concerns with HR, the NLRA protects employees' right to seek improvements without fear of retaliation.

6.      **State-Specific Harassment and Workplace Conduct Laws** - Many states have their own laws that set additional protections against workplace harassment or mistreatment, sometimes extending further than federal laws. For example, California's Fair Employment and Housing Act (FEHA) provides enhanced protections against harassment and discrimination, which may include behaviors that are aggressive, dismissive, or disrespectful.

Nevertheless, these said laws collectively help ensure that employees are treated with respect, provided safe work environments, and accommodated appropriately when they return after an injury or medical leave.

Page    6    /    6

12





Gmail

Q  in:sent                                                                    ✕   ☲               ?  ⚙  ✦  ⠿

←  🗗  ⓘ  🗑  ✉  📥  ⋮                                              194 of 428   ‹  ›  ▭ ▾

## Request for Identification of Meeting Participants                          🖨  ⤢

≡ᵗ  Summarize this email

**D**   **Djai Okolo** <1djaiokolo@gmail.com>                      Fri, Nov 15, 2024, 9:39 PM   ★  ☺  ↩  ⋮
        to mge9-askhr, tudmans, Career, Amazon, bcc: mm ▾

**Dear Amazon HR,**

**This is Don Okolo. I am reaching out to formally request the names of the individuals with whom I had a meeting earlier today. Specifically, I would like to confirm the names of the male and female participants. During the meeting, the female participant referenced that my termination was due to excessive medical leave stemming from the workers' compensation injury case.**

**Furthermore, when I expressed my intention to contact my legal counsel during the meeting, the female participant declined my request, effectively preventing me from making the call.**

**Please provide the requested information at your earliest convenience.**

**Sincerely,**
**Don Okolo**

On Oct 15, 2024, at 11:54, Djai Okolo <1djaiokolo@gmail.com> wrote:

Hey, when I was hired, I was informed that Amazon offers to cover the cost of medical or law school. I've been looking into it and was wondering, could you provide more details on which law schools are eligible for this program? Thanks!

( ↩ Reply )   ( ↩ Reply all )   ( ↪ Forward )   ☺

14